# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSHAY L. JOHNSON,<br><br>         Petitioner,<br><br>   v.<br><br>JAMES YATES, Warden<br><br>         Respondent.<br>_____/ | 1:09-cv-01355-OWW-SMS (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITION<br><br>[Doc. 15] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 19, 2009. (Court Doc. 1.) Petitioner does not challenge his underlying conviction and sentence; rather, he contends that the California Department of Corrections and Rehabilitation ("CDCR") has misinterpreted his prison sentence, thereby extending his prison term and delaying his initial parole consideration hearing, and the probation officer's report contained in his central file contains erroneous information.

On October 9, 2009, Respondent filed a motion to dismiss the petition because it is duplicative and untimely under 28 U.S.C. § 2244(d)(1). (Court Doc. 15.) Petitioner did not file an opposition.

1

DISCUSSION

A.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(b)(3)(A). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.     Duplicative Petition

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

Respondent argues that the instant case is duplicative of case number 2:08-cv-0496 MCE KJM, filed in the Sacramento Division of this Court on March 5, 2008. The Court has reviewed the petition in that case and finds that the claims raised in the instant petition are not identical to those raised in the prior petition. The first petition in case number 2:08-cv-0496-MCE KJM raised several challenges to his underlying conviction which included a claim that the trial court erred in ordering that he serve fifteen calendar years before being considered for parole. In the instant petition, Petitioner challenges the fact that the CDCR and Board of Parole have misinterpreted the trial court's sentence and improperly denied an initial parole hearing until 2015. The instant petition challenges the actions taken by the CDCR and Board of Parole, and not the trial court. Therefore, the Court finds that the instant petition is not duplicative of the prior petition filed in case number 2:08-cv-0496-MCE KJM.

II.     <u>Untimeliness of Petition</u>

Under the Anti-Terrorism Death Penalty Act, a one-year statute of limitations applies to all federal petitions filed after its effective date, which begins to run from the latest of four circumstances:

- (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
- (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this instance, because Petitioner is not challenging his conviction, there was no impediment which prevented him from filing his petition and his claims do not involve a newly established constitutional right. Therefore, the statute of limitations began to run on the date he became aware or could have discovered the factual predicate for his claims. 28 U.S.C. § 2244(d)(1)(D). With respect to Petitioner's claim that CDCR has misinterpreted his sentence, although it is not entirely clear when Petitioner first became aware of the factual predicate, he nonetheless exhausted the state judicial remedies regarding this claim on October 10, 2007, when the California Supreme Court denied his petition for review. Therefore, even under the best-case scenario, the statute of limitations began on that date, and expired one year later on October 10, 2008. However, Petitioner did not file the instant petition until March 19, 2009, months after the limitations period expired.

With respect to the Petitioner's claim that CDCR is maintaining erroneous information in his central file, it appears Petitioner was aware or could have discovered this claim in 1993. The erroneous information is apparently contained in the probation officer's report produced in 1993,which is placed in his prison central file. At Petitioner's sentencing hearing on May 25, 1993, Petitioner's attorney informed the state superior court that he had reviewed the probation

report with Petitioner.  (Exhibit 2, to Motion, Sacramento Super. Ct. Order at 2.)  Therefore, Petitioner was aware of the allegedly erroneous information at the time he was sentenced in May 1993.  However, Petitioner did not attempt to challenge this information until February 2007, several years after the limitations period expired.  (Exhibit 3, to Motion.)  Accordingly, the instant petition is untimely.

III.     Dismissal For Failure to Present Cognizable Federal Claims

Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).  Petitioner bears the burden of presenting specific facts to demonstrate that a federal right is involved.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Jones v. Gomez, 66 F.3d 199, 204-205 (9th Cir. 1995).

Respondent correctly argues that Petitioner alleges only violations of state law.  In his first claim, Petitioner argues that his sentence is being inappropriately administered resulting in a seven-year delay of his initial parole consideration hearing.  More specifically, Petitioner alleges there is a discrepancy concerning his sentence, that he has been incarcerated longer than "the date required for a parole consideration hearing pursuant to Penal Code section 3046," and that he has been incarcerated longer than the date mandated for him to serve in the Matrix of Base Terms.[1]  However, habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).  A federal court has no basis for disputing a state's interpretation of its own law.  Clemons v. Mississippi, 494 U.S. 738, 739-40 (1990).  "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution."  Sawyer v. Smith, 497 U.S. 227, 239

---

[1] Petitioner also claims that the seven-year delay will subject him to a minimum parole denial of three years rather than a maximum two-year denial due to the passage of Proposition 9.  Any challenge to the imposition of Proposition 9 is not yet ripe for review because at the time he filed the instant petition he had not had a parole consideration hearing at which Proposition 9 was applied.  Furthermore, the last petition filed in the California Supreme Court was in July 2008, before Proposition 9 was passed in November of 2008.  (Exhibit 6, Case Information Printout.)  Therefore, any challenge to Proposition 9 could not have been exhausted.

(1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989).  With respect to Petitioner's second claim, Petitioner alleges that CDCR has maintained erroneous information in his prison central file.  Petitioner does not cite any federal law to support the claim that he has a right to an error free prison central file.  Although Petitioner makes reference to due process and equal protection, the mere citation to the Constitution does not convert his state law claims into federal questions.  Little v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006).  Thus, the instant petition must be dismissed for failure to state a cognizable federal claim.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED on the ground the instant petition is untimely and fails to state a cognizable federal claim; and,

2. The Clerk of Court be directed to dismiss this action with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 17, 2009**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE